In re SAWMILL HYDRAULICS, INC.,
an Illinois Corporation, Debtor.

**Bankruptcy No. 185–02027.**

United States Bankruptcy Court,
C.D. Illinois.

April 16, 1987.

Barry M. Barash, Barash, Stoerzbach & Henson, Galesburg, Ill., for debtor.

David K. Stalker, Stalker & Meyer, Steven N. Mottaz, Thomas, Mottaz, Eastman & Sherwood, Alton, Ill., for Bobby Strader, creditor.

Ronald Weber, Froehling, Taylor & Weber, Canton, Ill., for The Nat. Bank of Canton, creditor.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtor corporation manufactures sawmill equipment and filed a Chapter 11 proceedings to reorganize. This matter came on to be heard on the Debtor's motion for confirmation. The Debtor's plan of reorganization provides for a capital contribution through certain shareholders working for below normal wages and the reorganized Debtor incurring additional bank debt of $50,000.00 with the new debt and existing bank indebtedness being guaranteed by some of the shareholders of the reorganized Debtor. The Debtor's shareholders will continue as shareholders in the reorganized Debtor, with unsecured creditors being paid 25% of their claims.

One unsecured creditor, who holds a $300,000.00 judgment against the Debtor arising out of a product liability law suit, objects to the confirmation of the plan for the following three reasons:

1. The plan has not been proposed in good faith as required by 11 U.S.C. Section 1129(a)(3);

2. The plan does not propose to pay the unsecured creditors, which are an impaired class, property of a value as of the effective date of the plan which is not less than the amount that the unsecured creditors would receive if the debtor was liquidated under Chapter 7, in violation of 11 U.S.C. Section 1129(a)(7);

3. The plan as proposed by the debtor is not fair and equitable as to the unsecured creditors and unfairly discriminates against the unsecured creditors as the Debtor's shareholders propose to retain their interest in the reorganized Debtor without payment in full of all senior interests, i.e. unsecured creditors.

At the hearing on the motion for confirmation, the objecting creditor stated objection No. 1 was part of objection No. 3 and a decision on objection No. 3 would encompass objection No. 1. After the evidence was taken, the objecting creditor admitted there was no basis to objection No. 2. Therefore, only objection No 3 requires a decision from this Court.

Prior to discussing objection No. 3, there are several preliminary observations

which should be made. First, the fact unsecured creditors will receive more through a Chapter 11 plan than they would through a liquidation is not a reason why this Court should not consider objection No. 3. At the hearing on confirmation the objecting creditor testified he was the largest unsecured creditor, and because of the Debtor's acts, which gave rise to the $300,000.00 judgment, he lost his business, and if he was going to be out of business he saw no reason why the Debtor should continue in business. A creditor is entitled to make this determination, and if the creditor, for whatever reason, wishes to seek a pound of flesh rather than be paid through a reorganization, he is free to do so. If the debtor cannot comply with the provisions of Section 1129, the plan cannot be confirmed. Conversely, if the debtor can comply with the provisions of Section 1129, the plan should be confirmed. The question of whether creditors will receive more under a plan than under a liquidation, which the objecting creditor admitted would occur, arises under Section 1129(a)(7), while the question of whether the shareholders can maintain an interest in the reorganized Debtor without paying unsecured creditors in full arises under 1129(c).

Second, it has long been a principle of reorganization law that shareholders of a reorganized corporation may maintain an equity interest in the reorganized corporation, even though senior creditors are not paid in full, so long as the equity owners invest new capital into the corporation which equals or exceeds the value of the retained interest in the corporation. *Case, et al v. Los Angeles Lumber Products Co., Ltd.* 308 U.S. 106, 60 S.Ct. 1, 84 L.Ed. 110 (1939); *Kansas City Ry. v. Cent. Union Tr. Co.*, 271 U.S. 445, 46 S.Ct. 549, 70 L.Ed. 1028 (1926); *Northern Pacific Railway Company v. Boyd*, 228 U.S. 482, 33 S.Ct. 554, 57 L.Ed. 931 (1913). In *In re Potter Material Service, Inc.*, 781 F.2d 99 (7th Cir.1986), the Seventh Circuit Court of Appeals held that this rule was applicable to a

reorganization pursuant to Section 1129(b)(2)(B)(ii) of the Bankruptcy Code.[1]

The issue before this Court can generally be stated to be whether the Debtor's shareholders are offering to make a new and substantial capital contribution which equals or exceeds the value of their retained interest in the reorganized Debtor. Specifically, there are four issues that this Court must address. Three of these issues revolve around the requirement that there be a substantial capital contribution. The fourth issue goes to valuing the interest in the reorganized Debtor being retained by the shareholders.

The first issue presented to the Court is whether the shareholders are making a capital contribution when they agree to work for below normal wages. At the hearing on confirmation, the Debtor's Secretary/Treasurer testified that he and his brother, both of whom are shareholders, would only be paid $25,000.00 a year when they could earn $50,000.00 if employed by a comparable company. The Debtor relies upon the decision in *In re Ahlers*, 794 F.2d 388 where the Circuit Court of Appeals for the Eighth Circuit held the value of a debtor/farmer's yearly contribution of labor, experience and expertise could be considered a capital contribution and that a plan could be confirmed where that contribution exceeded the value of a retained ownership interest, even though objecting unsecured creditors were not being paid in full. This issue has not been passed upon by the Court of Appeals for the Seventh Circuit. In the case of *In re Stegall*, 64 B.R. 296 (Bkrtcy.C.D.Ill.1986), Bankruptcy Judge Larry Lessen, also sitting in the Central District of Illinois, refused to follow the decision in *Ahlers* and held a debtor/farmer's labor and services in conducting his farming operation did not constitute a new capital contribution. This Court elects to follow the decision in *In re Stegall, supra*, and holds that labor and services provided a reorganized debtor for be-

**1.** In addition to citing the *Case* decision, the court also relied upon *In re Landau Boat Co.*, 13 B.R. 788 (Bankr.W.D.Mo.1981); and *In re Marston Enterprises*, 13 B.R. 514 (Bankr.E.D.N.Y. 1981). As this principle is firmly imbedded in reorganization law, this Court does not deem it necessary to go into a detailed discussion of the cases espousing this concept.

low normal wages is not a new capital contribution. If labor or services by a shareholder is not considered to be a capital contribution, it must follow that labor or services provided for below normal wages is not a capital contribution.

■ The second issue presented to this Court is whether the shareholders are making a capital contribution when the reorganized Debtor borrows money to finance its on-going operations? At the confirmation hearing the testimony was that the reorganized Debtor would borrow $50,000.00 to finance its operation. It is significant that it is the reorganized Debtor, and not the shareholders, who is borrowing the $50,-000.00. It follows it will be the reorganized Debtor that will be repaying the borrowing and not the shareholders. This being so, it cannot be said that the shareholders are making a capital contribution. They are in no way at risk. Therefore, this Court holds that borrowing by a reorganized debtor cannot be considered a capital contribution by its shareholders.

■ The third issue is whether the shareholders' guarantee of the debt of the reorganized Debtor is considered a capital contribution? At the confirmation hearing the testimony was that existing bank debt owed by the Debtor was not guaranteed by the shareholders, but that if the plan were confirmed the existing bank debt, along with the new debt of $50,000.00 being incurred by the reorganized Debtor, would be guaranteed by certain shareholders. In *In re Potter Material Service, Inc., supra,* the shareholders proposed to guarantee the corporation's debt. There, too, the creditors objected, taking the position that this was not a capital contribution. The court stated as follows:

"The Unsecured Creditors' Class argues next that Ochstein's renewal of his personal guarantee of Potter's $600,000 debt to Merchants Bank was not new or substantial consideration. The class argues that Ochstein was already personally liable for the debt; the bank promised no new capital contribution to Potter; the debt was already oversecured by $98,000; and Ochstein failed to present evidence that he had personal assets which the bank could apply against the guarantee. Ochstein testified that although the debt would be covered if Potter were liquidated now, in the future the assets of Potter might not cover the loan. David Hamernik, a senior partner with the accounting firm of Ernst & Whinney, testified that Ochstein's act of re-executing the guarantee was risky and probably not a prudent thing to do.

The bankruptcy court found, and district court affirmed, that Ochstein's renewal of the personal guarantee was an economic risk of indeterminable value and thus consideration toward the purchase of Potter's stock. The record contains sufficient evidence to support the courts below on this issue; therefore the finding that Ochstein assumed an economic risk in renewing the personal guarantee is not erroneous."

The effect of that decision is to hold that a guarantee can be a capital contribution if the shareholders are placed in a position of economic risk.

■ In the case before this Court, the shareholders had not guaranteed the Debtor's bank debt, but under the proposed plan of reorganization certain shareholders would be guaranteeing bank debt of approximately $287,000.00 ($237,000.00 of pre-petition debt and $50,000.00 of new borrowing). An officer of the lending bank testified that if there was a forced liquidation of the collateral held as security for the existing bank debt the bank would anticipate a deficiency of approximately $17,-000.00. Assuming the obligations for the existing and new debt certainly would involve an economic risk. The objecting creditor argues the guarantee does not provide new cash for the corporation, but only gives the bank additional protection. This argument is not persuasive because if it were not for the guarantee, the bank would not be willing to loan the additional $50,-000. Furthermore, under the holding in *In re Potter Material Service, Inc., supra,* the fact the bank is getting additional protection is not relevant. The test is whether the shareholders are assuming an economic

risk. The objecting creditor also takes the position that it is in the shareholders' benefit to guarantee the borrowing because if the reorganization is not successful and the bank is forced to foreclose on the pre-petition debt, the shareholders would lose their interest in real estate which they own individually and which is mortgaged to secure pre-petition debt. Here, again, the objecting creditor's argument is not persuasive. If the shareholders do not guarantee the borrowing and the reorganization is not successful they would only lose the real estate. They would not be liable for any deficiency. If they guarantee the borrowing, they have the risk of not only losing the real estate, but being liable for any deficiency. Therefore, this Court holds the guarantee will constitute a substantial capital contribution.

■■■■ The fourth issue for this Court's determination is whether the capital contribution equals or exceeds the value of the shareholders' retained interest in the reorganized Debtor. The valuation of a retained interest in a reorganized corporation is a complex matter involving consideration of information concerning past, present and future operations of the debtor. *In re Potter Material Service, Inc., supra,* 5 *Collier on Bankruptcy,* para. 1129.-03(4)(f)(ii), and is made as of the maturity of the plan. *In re Ahlers, supra.* In the case before this Court there was very little evidence upon which this Court could determine the value of the interest being retained by the shareholders. There was some testimony concerning the value of assets and the amount of post petition payables. There was also some testimony to the effect that if the case were converted, the unsecured creditors would receive very little in the way of a distribution. The Debtor had the burden of proving the value of the shareholders' retained interest and failed to do so. Therefore, this Court finds the plan should not be confirmed, because the Debtor failed to establish the capital contribution equals or exceeds the value of the shareholders' retained interest in the reorganized Debtor. The Debtor is authorized to seek a rehearing on confirmation and attempt to comply with the provisions of this Opinion. The Debtor is given this opportunity because this is the first case in which this Court has had an opportunity to state its position on the issues involved, and it is conceivable (with this direction found in this Opinion) the Debtor may be able to successfully meet the confirmation standards of Section 1129. It is also possible that the objecting creditor, using the same direction, may be able to defeat confirmation. While not exclusive, both *Potter* and *Collier* are starting points for determining the type of proof needed to establish the value of the interest being retained by the shareholders.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

## ORDER

For the reasons set forth in an Opinion filed this day,

IT IS, THEREFORE, ORDERED:

1. That the Debtor's motion for confirmation is DENIED.

2. The Debtor is authorized to seek a rehearing on its motion for confirmation.